## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

CHARLES DUPWE, JR.,

       Plaintiff,

vs.                                                     No. CIV 08-0988 JB/RHS

ANN STERN,

       Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion and Supporting Memorandum for Remand and for Attorneys' Fees, filed January 14, 2009 (Doc. 8)("Motion").  The Court held a hearing on February 25, 2009.  The primary issues are: (i) whether the Court should remand this case to the Magistrate Court for Santa Fe County, New Mexico; and (ii) whether the Court should award attorney's fees to Plaintiff Charles Dupwe, Jr. for improper removal.  Because the Court lacks subject matter jurisdiction, it will grant the motion and will remand the case to state court.  Because there was no objectively reasonable basis for removing this case to federal court, the Court will also award Dupwe reasonable attorney's fees.

### BACKGROUND

Defendant Ann Stern is an attorney who is not licensed to practice law in New Mexico, or currently, anywhere. See Transcript of Hearing at 13:16-19(taken February 25, 2009)("Tr.")(Stern).[1] Stern rented a house from Dupwe, and according to Dupwe, refused to pay rent.  See Motion at 1. After Stern's unpaid rent, late fees, and utilities exceeded $20,000.00, Dupwe brought a lawsuit in

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

the Santa Fe County Magistrate Court pursuant to New Mexico's Resident Relations Act, NMSA 1978 § 47-8-1, seeking Stern's eviction and termination of the rental agreement.  See Motion at 1; Exhibit A to Motion, Petition by Owner for Restitution at 1-2, dated October 6, 2008 (Doc. 8-2).

A trial was held in the Magistrate Court, and Stern represented herself *pro se*.  See Motion at 1.  On October 17, 2008, the Magistrate Court Judge entered judgment against Stern and issued a Writ of Restitution against her.  See Exhibit Summons and Notice of Trial on Petition for Writ of Restitution at 1 (filed in Magistrate Court October 8, 2008); Judgment for Restitution at 1 (filed in Magistrate Court October 17, 2008).  The Judgment for Restitution indicates that the Magistrate Court Judge found in favor of Dupwe and ordered Stern to restore the premises in question to Dupwe, and to pay rents and costs totaling $10,092.00.  See id.  The Judgment of Restitution gives an effective date of October 24, 2008.  See id.

Stern removed this case to federal court on October 23, 2008, one day before the Judgment of Removal in the Magistrate Court was to take effect, and a week after the Magistrate Court Judge entered judgment against her.  See Notice of Removal, filed October 23, 2008 (Doc. 1).  In the motion to remand, Dupwe argues that Stern improperly removed the case, post-judgment in the Magistrate Court, and that the Court lacks subject-matter jurisdiction.  See Motion at 3.  Dupwe also asserts that the Court should remand this case because, in addition to the lack of subject-matter jurisdiction, Stern waived the right to removal when she actively defended herself in the state-court lawsuit in which judgment was entered against her.  See id.  Dupwe also argues that Stern failed to satisfy the statutory requirements of removal.  See id.  Finally, Dupwe argues that he is entitled to attorney's fees for challenging removal because the case was improperly removed.  See id. at 6.

Initially, Stern did not file a response to the motion to remand.  On February 2, 2009, Dupwe filed a notice of completion of briefing and represented that the deadline for responding to his

motion to remand had passed.  See Notice of Completion of Briefing on Plaintiff's Motion and

Supporting Memorandum for Remand and for Attorneys' Fees at 1, filed February 2, 2009 (Doc.

9). Meanwhile, Stern filed a series of three motions for extensions of time to file a "complaint" and

"opposition" to the motion to remand.  See Motion Extending Time to 9th February 2009 to File re-

file [sic] Complaint and file OPPOSITION to Charles Dupwe, Jr.'s Motion for Remand and for

Attorneys' Fees, filed January 28, 2009 (Doc. 11)("First Motion for Extension of Time"); Motion

Extending Time from 9th February 2009 to 16th February 2009 to re-file Complaint and file

OPPOSITION to Charles Dupwe, Jr.'s Motion for Remand and for Attorneys' Fees, filed February

11, 2009 (Doc. 13); Motion Extending Time from 16th February 2009 to 23rd February 2009 to re-

file Complaint and file completed OPPOSITION to Charles Dupwe, Jr.'s Motion for Remand and

for Attorney's Fees, filed February 20, 2009 (Doc. 16)("Third Motion for Extension of Time").

        Stern filed a response to the motion to remand on February 20, 2009.  See Stern's Opposition

to Dupwe, Jr.'s Motion [sic] Supporting Memorandum for Remand and for Attorney's Fees, filed

February 20, 2009 (Doc. 18)("Response").   She represents, however, that the Response is

incomplete and that she wants more time to file a completed Response.  See Response at 4; Third

Motion for Extension of Time at 1.  In the Response, Stern argues that the property she rented from

Dupwe was substantially contaminated with toxins which caused her irreparable harm and injury.

See Response at 2.  Stern states that the Magistrate Court Judge and the Magistrate Clerk refused

to allow her to file pleadings, counterclaims, exhibits, or subpoenas in the state-court action.  See

id.  Stern also represents that the Magistrate Court Judge refused to give her a written order and that

the New Mexico District Court would not allow her to appeal without the written order.  See id.

Finally, Stern states that, during the time period in which the state-court proceedings took place, her

daughter delivered a baby one month early, and that the baby suffered from acute complications

before and after delivery.  See id.  The Court interprets Stern's arguments to mean that she was not allowed to assert any of her counterclaims or arguments in state court, and that she has, perhaps inartfully, appealed to the federal court based on a feeling that she has nowhere else to turn.

Stern also insists that removal was proper because her "well pleaded Complaint alleges original subject matter jurisdiction . . . ."  Response at 2.  She states that her complaint alleges violations of her civil rights.  See Response at 2-3.  She also contends that the Court should not order her to pay attorney's fees because her actions were not in bad faith.

At the hearing, Stern reiterated her desire to supplement her Response.  See Tr. at 11:17-22 (Stern).  The Court urged Stern to tell the Court at the hearing what she intended to put in her supplement so the Court could evaluate whether additional time would be beneficial, but Stern indicated that she was unable to provide any information about what would be in the supplement. See Tr. at 12:10-13:12 (Court & Stern); id. at 13:7-9 ("I'm embarrassed to say that I have no cognitive now, your Honor.  I don't even know where to look for the handwritten copy of what I have.")(Stern); id. at 12:24-13:2 ("I'm in such shock that I have no mental cognitive – I cannot remember off the top of my head any of the case law objecting to the remand.  There is extensive case law that I have objecting to remand.")(Stern).  The Court informed Stern that it would not preclude her from filing a supplement, but that the Court would not delay its decision on the motion to remand, given that the Court had granted Stern three extensions and had given her the opportunity to make argument at the hearing regarding what her proposed supplemental response would contain. See Tr. at 17:12-18 (Court).  To date, Stern has not filed any supplement.

## LAW REGARDING REMOVAL

Under 28 U.S.C. § 1441(b),

[a]ny civil action of which the district courts have original jurisdiction founded on

-4-

a claim or right arising under the Constitution, treaties or law of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b).  For removal to be proper, federal district courts must have "original jurisdiction" over the action sought to be removed.  28 U.S.C. § 1441(b).  A federal district court has original jurisdiction if Article III's justiciability requirements are met, see Lee v. Am. Nat'l Ins. Co., 260 F.3d 997, 1002-05 (9th Cir. 2001), cert. denied, 535 U.S. 928 (2002), and the case involves a federal question or diversity of citizenship, see Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  A court has diversity jurisdiction if there is complete diversity of citizenship between plaintiffs and defendants, and the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332(a).  The removing party bears the burden of establishing the requirements for federal jurisdiction.  See Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001).

**1.      All Doubts are to Be Resolved Against Removal.**

"It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of [the federal courts'] constitutional role as limited tribunals." Pritchett v. Office Depot, Inc., 404 F.3d 1232, 1235 (10th Cir. 2005)(citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109 (1941), and United States ex rel. King v. Hillcrest Health Ctr., 264 F.3d 1271, 1280 (10th Cir. 2001)). "[A]ll doubts are to be resolved against removal." Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982).  The United States Court of Appeals for the Tenth Circuit has explained that, "[g]iven the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record." Okla. Farm Bureau Mutual Ins. Co. v. JSSJ Corp., 149 Fed.Appx. 775, 778 (10th Cir. 2005).  "The burden of establishing subject-matter

jurisdiction is on the party asserting jurisdiction."  <u>Montoya v. Chao</u>, 296 F.3d 952, 955 (10th Cir. 2002).

       2.     <u>**Motions to Remand**</u>.

       When a defendant  removes a case to federal court, the plaintiff may thereafter attack removal by filing a motion in federal district court, pursuant to 28 U.S.C. § 1447(c), to remand the case back to state court.  <u>See</u> <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. at 69; <u>Kennedy v. Lubar</u>, 273 F.3d 1293, 1297 (10th Cir.2001)("Section 1447(c) specifically allows district courts to order remand if there has been a defect in removal procedure, or if it determines, at any time prior to final judgment, that it lacks subject matter jurisdiction.")(internal quotations omitted);  28 U.S.C. § 1447(c).  28 U.S.C. § 1447 governs remand after removal.  Section 1447(c) states:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State may thereupon proceed with such case.

28 U.S.C. § 1447(c).  <u>See</u> <u>Miller v. Lambeth</u>, 443 F.3d 757, 759 (10th Cir. 2006)("The statutory provision[] governing remands of cases removed to federal court [is] 28 U.S.C. § 1447(c). . . ."); <u>RMP Consulting Group, Inc. v. Datronic Rental Corp.</u>, No. 98-5062, 1999 WL 617690, at *4 (10th Cir. 1999)(applying 28 U.S.C. § 1447(c)).

       3.     <u>**Attorney's Fees on Remand**</u>.

       A federal court remanding a removed case to state court for lack of subject-matter jurisdiction "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  The Supreme Court of the United States

has recently clarified the standards governing an award of fees under § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

**LAW REGARDING FEDERAL-QUESTION JURISDICTION**

A federal district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction exists when "a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. at 392 (citing Gully v. First Nat'l Bank, 299 U.S. at 112-13).  As "the master of the claim," the plaintiff may choose to sue in state court rather than in federal court "by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 482 U.S. at 392.

**1.      Federal Law Defenses Do Not Create Federal-Question Jurisdiction.**

The defendant may not try to sneak a federal question through the back door by raising a federal defense, for "it is now settled law that a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Id. at 393 (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 12 (1983)). See Nicodemus v. Union Pac. Corp., 318 F.3d 1231, 1236 (10th Cir. 2003)("It is well settled that '[a] defense that raises a federal question is inadequate to confer federal jurisdiction.'")(quoting Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986)). While a plaintiff is free to plead a federal question in his complaint, "a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under

-7-

federal law, thereby selecting the forum in which the claim shall be litigated." Caterpillar, Inc. v. Williams, 482 U.S. at 399. Even the plaintiff can only go so far in attempting to invoke federal question jurisdiction, because "[a]ny statements in the complaint which go beyond a statement of the plaintiff's claim and anticipate or reply to a probable defense are to be disregarded" in deciding whether federal question jurisdiction exists.  Mescalero Apache Tribe v. Martinez, 519 F.2d 479, 481 (10th Cir. 1975).

  In addition to the requirement that the federal question appear on the face of the complaint, "plaintiff's cause of action must either be [i] created by federal law, or [ii] if it is a state-created cause of action, 'its resolution must necessarily turn on a substantial question of federal law.'" Nicodemus v. Union Pac. Corp., 318 F.3d at 1235 (quoting Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. at 808).  As for the second method, beyond the requirement of a substantial question of federal law at the heart of the case, the federal question must also be "contested." Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. at 313. Finally, the exercise of federal-question jurisdiction must also be "consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." Id.  In particular, the court must determine whether recognition of federal-question jurisdiction will federalize a "garden variety" state law claim that will overwhelm the judiciary with cases traditionally heard in state courts. Id. at 318-19 (explaining that "there must always be an assessment of any disruptive portent in exercising federal jurisdiction" in accepting "garden variety" state law claims).  See D. Hanselman, Supreme Court Federal Removal Jurisdiction, FOR THE DEFENSE at 25, 65 (September 2005)("The most important consideration is whether removal would federalize a garden-variety tort, contract, or fraud claim, or whether there is some uniquely federal aspect of the case that, if removed, could be adjudicated in federal court without subjecting the federal courts to a flood of

original filings or removals.").

        **2.**        <u>**Jurisdiction Where Relief Requires Resolution of Federal Issue.**</u>

        A plaintiff, however, may not circumvent federal jurisdiction by omitting federal issues that are essential to his or her claim.  <u>See</u> <u>Schmeling v. NORDAM</u>, 97 F.3d 1336, 1345 n.2 (10th Cir. 1996).  "A case arises under federal law if its 'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"  <u>Morris v. City of Hobart</u>, 39 F.3d 1105, 1111 (10th Cir. 1994)(quoting <u>Franchise Tax Board v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 27-28 (1983)).  Thus, even though a plaintiff asserts only claims under state law, federal-question jurisdiction may be appropriate if the state-law claims implicate significant federal issues.  <u>See</u> <u>Nicodemus v. Union Pacific Corp.</u>, 440 F.3d at 1232.

<u>**ANALYSIS**</u>

        This lawsuit is a garden-variety landlord-tenant dispute.  After reviewing the record from the Magistrate Court proceedings, including the Complaint and the Judgment of Removal, the Court concludes that it has no subject-matter jurisdiction over this case.  On the face of Dupwe's Complaint, there are no federal questions, no indication of possible diversity citizenship, and no allegation of a federal claim or federal jurisdiction.  Given that the Complaint in the Magistrate Court shows an absence of any basis for federal jurisdiction, the Court will grant the motion to remand.

        The Court also finds that there was no objectively reasonable basis for removing this case to federal court.  Given the lack of such an objectively reasonable basis for federal removal, the Court believes it is appropriate to award attorney's fees.  The Court will therefore award Dupwe costs and attorney's fees incurred in litigating the motion to remand.

I.      **THIS CASE PRESENTS NO FEDERAL QUESTION.**

Federal question jurisdiction exists when "a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. at 392 .  A review of the record in this case indicates that Dupwe brought his lawsuit against Stern under New Mexico's Resident Relations Act.  The Notice of Removal asserts that this case is a "civil suit for damages and arises under Article III of the U.S. Constitution, and Fifth Amendment of the U.S. Constitution in that Defendant has been denied by such state court proceeding the rights secured and guaranteed to the removing party by the laws providing for equal civil rights of citizens of the United States, the statutes providing for equal civil rights."  Notice of Removal at 1.  Stern is somewhat confused.  A federal court's jurisdiction in removal is based on the causes of action in a plaintiff's complaint.  In this case, the Plaintiff, Dupwe, did not assert any constitutional violations or federal causes of action.  He sought and obtained a Writ of Removal under a state-law cause of action. As master of his Complaint, it was Dupwe's prerogative to assert only state-law claims and to limit the relief he was seeking to protect his choice of venue.  He chose the state Magistrate Court and adhered to its jurisdictional limitations so that he would qualify to bring his case in front of that court.

A fair and careful reading of the Magistrate Court record reveals that no aspect of the lawsuit – which turned on the rental agreement between Dupwe and Stern, and which involved Dupwe seeking repossession of the premises and $10,000.00 in back rent – requires the determination of a federal issue.  The governing law is New Mexico's Resident Relations Act.  There is therefore no basis for federal jurisdiction.   As a consequence, this Court does not have federal question jurisdiction.

II.     **THERE IS NO INDICATION OF THE RECORD THAT THERE IS DIVERSITY**

**JURISDICTION.**

Removal based on diversity requires complete diversity of citizenship between plaintiffs and defendants, and an amount in controversy which exceeds $75,000.00. <u>See</u> 28 U.S.C. § 1332(a).  A review of the Magistrate Court record reveals that there is no basis for diversity jurisdiction.  First, both parties are citizens of the state of New Mexico.  The lack of diversity citizenship is alone sufficient to destroy federal jurisdiction in this case.  Nevertheless, the Court notes that, even if there were diversity, the amount in controversy is far below the $75,000.00 threshold for jurisdiction in a federal diversity case.  Dupwe alleges back rent in excess of $20,000, but he chose to pursue the lawsuit in the Magistrate Court, which has a jurisdictional limit of $10,000.00.  Accordingly, in his Complaint, Dupwe asked for only $10,000.00 and costs.  The judgment he ultimately obtained was for $10,092.00.  <u>See</u> Judgment of Removal.  Dupwe also obtained a termination of the rental agreement.  The relief Dupwe sought or obtained does not appear to exceed $75,000.00.

Even if Stern were able to show the requirements for diversity jurisdiction, she would face another obstacle to removal in this case, given that there is no federal question.  Under 28 U.S.C. § 1441(b):

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. <u>Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought</u>.

28 U.S.C. § 1441(b)(emphasis added).  The effect of 28 U.S.C. § 1441(b) is that, where a removing party relies on diversity, removal is only proper if no defendant is a citizen of the state where the lawsuit was brought.  In this case, therefore, even if there were original jurisdiction, Stern could not remove this case to federal court because Dupwe, the defendant, is a citizen of New Mexico, where

-11-

the lawsuit was brought.

In sum, there are no bases for federal jurisdiction in this case.  Stern cannot rely on any attempts to raise federal counterclaims against Dupwe to establish jurisdiction.  Dupwe is the master of his complaint.  He chose the state Magistrate Court and, by doing so, chose to forgo at least $10,000.00 in potential damages.  He wanted not only to be in state court, but to be in the state Magistrate Court.  Moreover, there is no diversity jurisdiction.  The case was therefore improperly removed.

III.    **THERE IS NO OTHER SOUND REASON FOR THE COURT TO EXERCISE JURISDICTION.**

Stern appears to believe that she has become a plaintiff by removing this case to federal court or that she can become the plaintiff by filing a complaint in the removed case.  This assumption is evidenced in the way that she has styled some of her pleadings – listing herself as the plaintiff and naming Dupwe, three John Doe Sheriffs, and the City of Santa Fe as defendants.  See, e.g., First Motion for Extension of Time at 1.  In the proposed response, Stern argues that there is federal jurisdiction because "Stern's well pleaded Complaint alleges original subject matter jurisdiction containing federal causes of action embodying substantial, substantive federal questions in essence and effect, and principles arising under federal law all cases involving her civil rights seeking redress for her alleged deprivation of such rights."  Stern's Opposition to Dupwe, Jr.'s Motion [sic] Supporting Memorandum for Remand and for Attorney's Fees, filed February 20, 2009 (Doc. 18).  It is thus evident from her filings that Stern believes that, upon removing the case to federal court, she has become a plaintiff.

Stern misunderstands the nature of removal.  Jurisdiction in removal is not based on possible causes of action or counterclaims that a defendant might have against a plaintiff, but rather on the

plaintiff's complaint.  Removal does not convert a defendant into a plaintiff, and the Court cannot look at the removing defendant's counterclaims or defenses to establish jurisdiction.  Indeed, plaintiffs wishing to avoid federal court are within their rights to file lawsuits devoid of federal causes of action as a means of preventing removal.

An alternative way of interpreting Stern's removal in this case is as an appeal of the Magistrate Court Judge's order.  Judgment has already been entered against Stern, and she believes that, by removing this case to federal court, she can somehow deprive the Judgment of Removal of effect.  Removal is not a device for appealing unfavorable judgments obtained in the state court.  See Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2007)(explaining that the Rooker-Feldman doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").  The courts of New Mexico have a process for challenging judgments and for appealing them.  Stern will have to follow those procedures in asking a court to re-visit or to overturn the judgment that Dupwe obtained against her.  Removal to federal court is not an option for continuing the lawsuit in its present character.

If Stern wants to file a lawsuit against Dupwe and the other putative defendants she has named in the caption of her pleadings, she will need to file a complaint against them in the appropriate court.  It may be that her claims are in the nature of compulsory counterclaims which she should have asserted at the trial.  If that is true, and she failed to assert her claims, she may face arguments from Dupwe and any other possible defendants that she is now precluded from bringing those claims post-judgment.  The Court makes no comment on the merits of any claims she might bring or on whether they were in the nature of compulsory counterclaims.  It will be up to the court in which she files her federal-claim law-suit to sort that out.

**IV.    THE COURT WILL AWARD FEES BECAUSE THERE WAS NO OBJECTIVELY
<u>REASONABLE BASIS FOR REMOVAL</u>.**

Given that Dupwe filed his landlord-tenant lawsuit under New Mexico law and asserted no
federal causes of action, and given the lack of diversity jurisdiction,  there is no objective basis for
removal.   Dupwe's Complaint   consists of a standard form entitled "Petition by Owner for
Restitution (Uniform Owner-Resident Relations Act).   The form asked Dupwe to fill in certain
blanks and check boxes indicating that he followed certain notice procedures, the manner in which
Stern breached the rental agreement, the amount of unpaid rent Stern owed, and the damages he
sought.   Dupwe made not additions to the form to add claims not related to the landlord-tenant
dispute.  There is no objectively reasonable basis to conclude that there is a federal claim in any part
of the Complaint.  <u>See</u> <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. at 141.

Stern argues that, for fees to be warranted on remand, a showing of bad faith on the part of
the removing party is required.  Dupwe contends that, even if bad faith is required, Stern acted with
bad faith.  According to Dupwe, Stern has used removal as a delay tactic to avoid execution on the
judgment he obtained against her.  Dupwe contends that, as a result of her improper removal, Stern
has managed to remain on the leased premises without paying rent for nearly a year.

The Court need not determine that Stern acted in bad faith to award fees.  The Supreme
Court has stated that fees are appropriate where there is no objectively reasonable basis for removal.
<u>See</u> <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. at 141.  There was no objectively reasonable basis
for removing this case to federal court, given the lack of a federal question or of diversity.  Fees are
appropriate here.  Accordingly, the Court will award reasonable attorney's fees.

**IT IS ORDERED** that the Plaintiff's Motion and Supporting Memorandum for Remand and
for Attorneys' Fees is granted.  The Court will remand this case to state court and will award

-14-

reasonable attorney's fees.


_____
UNITED STATES DISTRICT JUDGE


*Counsel and Parties*:

Randolph B. Felker
Felker Ish Ritchie & Geer PA
Santa Fe, New Mexico

       *Attorneys for the Plaintiff*

Ann Stern
Santa Fe, New Mexico

       *Pro se Defendant*