IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES DUPWE, JR.,

    Plaintiff,

vs.                                                                                    No. CIV 08-0988 JB/RHS

ANN STERN,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiff's Motion for Attorneys' Fees Pursuant to Local Rule 54.5, filed March 3, 2009 (Doc. 26). The Court held a hearing on August 13, 2009. The primary issue is whether the Court should award Plaintiff Charles Dupwe $3,490.35 for fees and costs incurred in preparing and prosecuting his motion to remand. Because the Court believes that the costs sought are properly awardable, the Court will grant the motion and award Dupwe $3,490.35.

**PROCEDURAL BACKGROUND**

Dupwe moves the Court for an award of attorney fees in the amount of $3,490.35. Dupwe attaches an Affidavit of Randolph B. Felker (executed Mar. 3, 2009) to his motion in support. Attached to Mr. Felker's affidavit is his attorney's time-and-billing statements arising from Defendant Ann Stern's removal from the Santa Fe Magistrate Court to the United States District Court for the District of New Mexico. Defendant Ann Stern did not file any written response to Dupwe's motion. Mr. Felker stated in the hearing before the Court that all the work he has done was related to the removal and that he has not done any work in the magistrate case. See Hearing

Transcript 6:1-4 (taken August 13, 2009).[1] Stern did not appear at the hearing, either in person or by telephone. Attempts by the Court to reach her by telephone before and during the hearing were unsuccessful.

## **ANALYSIS**

Under the local rules, because Stern did not file a written response to Dupwe's motion or otherwise appear, she is deemed to have consented to the rules and the motion is unopposed. See D.N.M. L.R.-Civ. 7.1(b)("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."); D.N.M. L.R.-Civ. 7.4(a)("A response must be served and filed within fourteen (14) calendar days after service of the motion."). The Court could, on a firm legal basis, grant Dupwe's motion. Nevertheless, because Stern is proceeding pro se, the Court set a hearing on the motion to give her an opportunity to make orally any arguments she did not make in writing.

The Court has previously made the determination that the award of attorney's fees are appropriate in this matter, because there was no objectively reasonable basis for Defendant Ann Stern's removal of this case by the Defendant. See Memorandum Opinion and Order at 14, filed February 27, 2009 (Doc. 21). The Court believes, under Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005), that there is a firm basis for the award of attorney's fees to Dupwe, and now concludes that the fees that are sought were reasonably and necessarily incurred in connection with the motion to remand. The Court has carefully reviewed the attorney's time and billing statement attached to Mr. Felker's affidavit. The Court initially considered a few entries to be unclear on their face as relating to the motion to remand. The Court discussed these entries with Mr. Felker during

---

[1]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

the hearing on the motion, and Mr. Felker indicated, as an officer of the Court, that the entries in question were all related to his work on the motion to remand.

The Court examined not only the individual itemized entries, but also at the total amount billed. The Court finds that the attorney's time and billing statement are appropriate for the amount of work that was done.  The Court therefore will grant the motion to award attorney's fees and costs pursuant to Local Rule 54.5 and award Dupwe $3,490.35.

**IT IS ORDERED** that Plaintiff's Motion for Attorneys' Fees Pursuant to Local Rule 54.5 is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and Parties*:

Randolph B. Felker
Felker Ish Ritchie & Geer, P.A.
Santa Fe, New Mexico

    *Attorneys for the Plaintiff*

Ann Stern
Santa Fe, New Mexico

    *Pro se Defendant*